139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Alberto CHAVEZ; Jose Fernando Chavez; Luis Raul
Chavez, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70320.
INS Nos. Ayq-vxk-bee Aik-bxx-phh Afh-fpv-hzd.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Alberto Chavez, Jose Fernando Chavez, and Luis Raul Chavez, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition for review.
 
 
 3
 Because the BIA incorporated the IJ's decision as its own, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the denial of asylum for an abuse of discretion and factual determinations for substantial evidence. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We will uphold the decision unless the evidence compels a contrary result. See Id.
 
 
 4
 The IJ's determination that petitioners did not establish a well-founded fear of persecution is supported by substantial evidence. See Id. The Chavezes testified that their family received threatening telephone calls from the Shining Path because of their father's work. However, because they provided no evidence that the Shining Path has the inclination to carry out its threats, the IJ found that their fear was not objectively reasonable. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995)
 
 
 5
 Because the Chavezes failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)